IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-02092-WJM-KMT

Ralph D. Round,

      Plaintiff,

v.

The United States Department of Agriculture, Forest Service; et al.,

      Defendants.

---

## DEFENDANT COLORADO PARKS & WILDLIFE COMMISSION'S MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1)

      Defendant Colorado Parks & Wildlife Commission ("CPW" or the "State") files this Motion to Dismiss Plaintiff Ralph D. Round's Amended Complaint for Declaratory and Injunctive Relief Pursuant to 28 U.S.C. §§ 2201 *et seq*.; and for Judicial Review Pursuant to 5 U.S.C. §§ 701 *et seq*. (the "Amended Complaint") for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

      CPW seeks dismissal of the Amended Complaint based on its immunity from suit under the 11th Amendment to the U.S. Constitution.[1]

---

[1] In the alternative, as set forth in the Notice of Joinder in Federal Defendants' Motion to Dismiss filed concurrently herewith, CPW seeks dismissal of the Amended Complaint based on the arguments set forth in the Federal Defendants' Motion to Dismiss Plaintiff's December 21, 2020 Amended Complaint (ECF No. 67).

**STATEMENT REGARDING CONFERRAL PURSUANT TO
WJM REVISED PRACTICE STANDARDS, III.D**

On January 20, 2021, the undersigned e-mailed counsel for Plaintiff Ralph D. Round in an effort to confer regarding the arguments for dismissal set forth herein. The undersigned provided a draft of the instant notice to Mr. Round's counsel and urged him to amend the Amended Complaint to address the deficiencies set forth herein. On January 25, 2021, the undersigned spoke with counsel for Mr. Round on the telephone and once again attempted to persuade Mr. Round's counsel of the need to Amend the Amended Complaint, but Mr. Round's counsel indicated Mr. Round is unwilling to do so at this time, necessitating the filing of the instant notice.

## INTRODUCTION

In this action, Mr. Round seeks declaratory and injunctive relief against the United States Forest Service, a number of federal officials, CPW and Steve Keefer, one of CPW's District Wildlife Managers, arising out of Mr. Round's alleged ownership interest in two grazing allotments located within the Comanche National Grassland in southeastern Colorado. The claims against CPW in the Amended Complaint should be dismissed, because this Court lacks jurisdiction over Mr. Round's claims against CPW. CPW, as an entity of the state of Colorado, is immune from suit in federal courts under

2

the 11th Amendment to the U.S. Constitution, and the Amended Complaint fails to cite any basis for overcoming CPW's sovereign immunity.

## STANDARD OF REVIEW

Because federal courts are courts of limited jurisdiction, "the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994) (citations omitted); *see also Pueblo of Jemez v. United States*, 790 F.3d 1143, 1151 (10th Cir. 2015) (citation omitted). Federal Rule of Civil Procedure 12(b)(1) allows a party to seek dismissal of a complaint based on the court's lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).

A Rule 12(b)(1) motion to dismiss must be granted unless the party pleading jurisdiction "allege[s] in his pleading the facts essential to show jurisdiction."  *Celli*, 40 F.3d at 327 (citing *Penteco Corp. Ltd. P'ship-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936))).  "Mere conclusory allegations of jurisdiction are not enough."  *Id*.

Because CPW asserts that the allegations in the Amended Complaint fail to establish the court's subject matter jurisdiction, i.e., a facial attack, the court "must accept the allegations in the complaint as true."  *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citation omitted); *see also Pueblo of Jemez*, 790 F.3d at 1147-48, 1148 n.4 (citation omitted).

## ARGUMENT

**I.     The Claims against CPW are barred by the 11th Amendment.**

Because CPW is an "arm of the state," it is entitled to immunity from suit in federal courts under the 11th Amendment to the U.S. Constitution.  Accordingly, Mr. Round's claims against CPW must be dismissed.

The 11th Amendment bars "any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  "[A]bsent an unmistakable waiver by [a] state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the [Eleventh A]mendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Okla. Dep't. of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994) (citations omitted), *overruled on other grounds by Ellis v. Univ. of Kan. Med. Cent.*, 163 F.3d 1186, 1194–97 (10th Cir. 1998).  "Although the express language of the Amendment encompasses only suits brought against a state by citizens of another state, it has long been settled that the Amendment also bars suits against a state by its own citizens."  *Meade v. Grubbs*, 841 F.2d 1512, 1525 (10th Cir. 1988) (citations omitted) *abrogated in part on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  The immunity afforded by the 11th Amendment "constitutes a bar to the exercise of federal subject matter jurisdiction." *Williams v. Utah Dep't of Corr.*, 928 F.3d 1209, 1212 (10th Cir. 2019) (quoting *Fent v. Okla. Water Res. Bd.*, 235 F.3d 553, 558-59 (10th Cir. 2000)).

4

"Eleventh Amendment immunity applies not only to a state but also to an entity that is an arm of the state." *Couser v. Gay*, 959 F.3d 1018, 1022 (10th Cir. 2020).  As Mr. Round acknowledges in his Amended Complaint, CPW is an agency of the Colorado Department of Natural Resources, Am. Comp., ¶ 17, ECF No. 57, which is itself an entity of the State of Colorado, *see* Colo. Rev. Stat. §§ 24-33-101 (creating the Department of Natural Resources) and 24-33-104 (identifying CPW as an agency of the Department of Natural Resources).  It cannot be seriously contended that CPW is not an "arm of the state" for purposes of the 11th Amendment's grant of immunity.[2] Accordingly, to maintain his claims against CPW, Mr. Round must demonstrate either that the State voluntarily waived its sovereign immunity or that Congress unmistakably abrogated the State's immunity.  *Ramirez*, 41 F.3d at 588.  A review of the Amended

---

[2] As the Tenth Circuit has noted, a governmental entity is an "arm of the state" entitled to sovereign immunity under the 11th Amendment if, like CPW, it is (1) identified as an agency under state law, *see* Colo. Rev. Stat. § 24-4-102(3) (defining "agency" as including commissions) and Colo. Rev. Stat. § 33-9-101 (creating CPW);  (2) substantially controlled by the State, *see, e.g.*, Colo. Rev. Stat. §§ 33-9-101(4) (providing for appointment by the governor and confirmation by the senate of CPW commissioners) and 33-9-102 (defining and delimiting the powers and duties of CPW); (3) not authorized to levy taxes on its own behalf, *see* Colo. Rev. Stat. § 33-9-105 (noting CPW's status as "an enterprise for the purposes of section 20 of article X of the state constitution"); and Colo. Const. art. X, § 20 (defining an "enterprise" as "a government-owned business authorized to issue its own revenue bonds and receiving under 10% of annual revenue in grants from all Colorado state and local governments combined"); and (4) concerned primarily with state affairs, *see* Colo. Rev. Stat. § 33-9-101(12)(b) (describing the mission of the Commission as "perpetuat[ing] the wildlife resources of the state . . . ").  *See Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1253 (10th Cir. 2007) (concluding that an entity with these characteristics is an "arm of the state" for purposes of the 11th Amendment).

Complaint reveals that Mr. Round has done neither, so the claims against CPW must be dismissed with prejudice.

First, the State has not voluntarily waived its sovereign immunity from the claims asserted in the Amended Complaint.  In fact, the State has done the opposite by asserting its sovereign immunity as a bar to this litigation.

Second, Mr. Round does not cite any statute abrogating the State's sovereign immunity from the claims raised in the Amended Complaint.  Federal question jurisdiction is not itself sufficient "to abrogate immunity for all federal questions." *Blatchford v. Native Vill. of Noatak and Circle Vill.*, 501 U.S. 775, 786 (1991).  And the statutes upon which Mr. Round's claims are based do not provide any basis for overcoming CPW's sovereign immunity:  "The APA does not grant federal courts jurisdiction to review actions of state or municipal agencies,"  *Hunter v. Underwood*, 362 F.3d 468, 477 (8th Cir. 2004), and "the Eleventh Amendment expressly applies to suits seeking injunctive and declaratory relief."  *Higganbotham v. Okla. ex rel. Okla. Transp. Comm'n*, 328 F.3d 638, 644 (10th Cir. 2003) (citing *Cory v. White*, 457 U.S. 85, 90-91 (1982)). Finally, Mr. Round's claims against CPW cannot be maintained pursuant to the exception recognized in *Ex parte Young*, 209 U.S. 123 (1908), as that exception applies only to official capacity suits against state officials and "has no application in suits against the States and their agencies, which are barred regardless of the relief sought." *Norton v. Ute Indian Tribe of the Uintah & Ouray Reservation*, 862 F.3d 1236, 1251 (10th Cir. 2017) (quoting *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)); *accord Higganbotham*, 328 F.3d at 644.

6

Ultimately, Mr. Round does not cite any law or rule waiving or abrogating the State's sovereign immunity, nor has the State voluntarily invoked this Court's jurisdiction.  Because the Amended Complaint does not allege any basis for overcoming the State's 11th Amendment immunity, the claims against the State must be dismissed.

## **CONCLUSION**

For the reasons stated above, the Amended Complaint and all of its causes of action against the State should be dismissed under Rule 12(b)(1).

Respectfully submitted on this 8th day of February, 2021.


PHILIP J. WEISER
Attorney General


s/ W. Cory Haller
_____
W. Cory Haller*
ASSISTANT ATTORNEY GENERAL (Colo.
Bar No. 41356)
Ralph L. Carr Colorado Judicial Center
1300 Broadway,  7th Floor
Denver, Colorado  80203
Telephone:  (720) 508-6000
cory.haller@coag.gov

*Counsel of Record

*Counsel for Defendants Colorado Parks &
   Wildlife Commission and Steve Keefer*

CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2021, a true and correct copy of the above
DEFENDANT COLORADO PARKS & WILDLIFE COMMISSION'S MOTION TO
DISMISS THE AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(1) was
served via CM/ECF on:

Andrew Allen Smith
Emma L. Hamilton
*Attorneys for Federal Defendants*

Hayden Lynn Ballard
*Attorney for Plaintiff Ralph D. Round*

/s/ Linda Miller
Paralegal
Colorado Department of Law