IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 20–cv–02092–WJM–KMT

RALPH D. ROUND,

    Plaintiff,

v.

THE UNITED STATES DEPARTMENT OF AGRICULTURE, FOREST SERVICE,
SONNY PURDUE, individually and as U.S. Secretary of Agriculture,
VICKI CHRISTIANSEN, individually and as Chief of the United States Department of Agriculture, Forest Service,
JENNIFER EBERLIEN, individually and as Acting Regional Forester for the Rocky Mountain Region,
DIANA TRUJILLO, individually and as Forest and Grasslands Supervisor for the Pike and San Isabel National Forest & Cimarron and Comanche National Grasslands,
JOHN LINN, individually and as Comanche National Grassland District Ranger,
PATRICIA HESSENFLOW, individually and as Comanche National Grassland Range Staff,
COLORADO PARKS & WILDLIFE COMMISSION, and
STEVE KEEFER, individually and as District Wildlife Manager for Colorado Parks & Wildlife District 242,

    Defendants.

## ORDER

Before the court is the parties' "Joint Motion for Temporary Stay of Proceedings Pending Rulings on Defendants' Motions to Dismiss." (["Motion"], Doc. No. 74.) In their Motion, the parties ask that discovery in this matter be stayed, pending resolution of two previously filed motions to dismiss. (*Id.* at 1.) For the following reasons, the Motion is GRANTED.

## STATEMENT OF THE CASE

Plaintiff Ralph D. Round brings this lawsuit, pursuant to the Administrative Procedure Act ["APA"], 5 U.S.C. §§ 701 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, asserting that he is the "surface estate fee-title holder" of two grazing allotments on the Comanche National Grassland.  (Doc. No. 66.)  In his Amended Complaint, which was filed on December 21, 2021, Plaintiff seeks "to prevent employees of the United States Department of Agriculture, namely John Linn, Diana Trujillo, and Jennifer Eberlein," as well as "employees of the Colorado Park & Wildlife Commission, namely Steve Keefer," from "removing 'Keep Out' signs from the private property of Plaintiff, and allowing hunters to destroy [his] private property."  (*Id.* at 2.)

On January 4, 2021, Defendants United States Department of Agriculture, Sonny Perdue, Vicki Christiansen, Jennifer Eberlien, Diana Trujillo, John Linn, and Patricia Hessenflow [collectively, the "Federal Defendants"] responded to Plaintiff's allegations by filing a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction.  (Doc. No. 67.)  The Federal Defendants argue, specifically, that Plaintiff "fails to plead any waiver of sovereign immunity for his claims."  (*Id.* at 4.)  Five weeks later, on February 8, 2021, Defendant Colorado Parks & Wildlife Commission ["CPW"] filed a separate motion to dismiss for lack of subject matter jurisdiction, "based on [CPW's] immunity from suit under the 11th Amendment to the U.S. Constitution."  (Doc. No. 72 at 1.)  Both motions to dismiss remain pending.[1]

---

[1] The Federal Defendants' motion to dismiss is fully briefed.  (Doc. Nos. 68, 71.)  No response has yet been filed to CPW's motion to dismiss.

2

On February 15, 2021, the parties filed the present Motion, asking that discovery in this matter be stayed, pending rulings on the two outstanding motions to dismiss. (Mot. 1.) The parties argue that a temporary discovery stay is appropriate here, because the motions to dismiss invoke jurisdictional challenges to Plaintiff's claims, and because "all relevant factors weigh in favor" of a stay. (*Id.* at 4.)

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26(c), however, permits a court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In this District, a stay of discovery is generally disfavored. *See, e.g.*, *Miles v. BKP, Inc.*, No. 18-cv-01212-PAB-MEH, 2019 WL 5957296, at *1 (D. Colo. Nov. 13, 2019); *Rocha v. CCF Admin.*, No. 09-cv-01432, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010); *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007). Nevertheless, the decision whether to stay discovery rests firmly within the sound discretion of the court. *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In ruling on a motion to stay discovery, five factors are generally considered: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice

3

to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227. Further, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010). "[A] stay may be appropriate if resolution of a preliminary motion may dispose of the entire action." *Serv. First Permits, LLC v. Lightmaker Vancouver (Internet) Inc.*, No. 18-cv-02089, 2019 WL 109335, at *3 (D. Colo. Jan. 4, 2019) (quoting *Elec. Payment Sols. of Am., Inc.*, No. 14-cv-02624, 2015 WL 3940615, at *1 (D. Colo. June 25, 2015)).

## ANALYSIS

In this case, as to the first factor, there is no evidence to suggest that Plaintiff will be prejudiced by a discovery stay. Indeed, the motion to stay is filed jointly by all parties. (*See* Mot. 1.) The first factor, therefore, weighs in favor of the imposition of a stay. *See Frasier v. Evans*, No. 15-cv-01759, 2015 WL 6751136, at *2 (D. Colo. Nov. 5, 2015) (finding the first factor to weigh in favor of a stay, because the plaintiff did not oppose the requested relief).

As to the second factor, Defendants have set forth a convincing argument that they would be unduly burdened by moving forward with discovery at this time, given that their motions to dismiss address threshold questions of law, including jurisdictional challenges. (Mot. 4.) Thus, the court agrees that Defendants could be prejudiced by engaging in discovery at this time. *See Burkitt v. Pomeroy*, No. 15-cv-02386-MSK-KLM, 2016 WL 696107, at *1 (D. Colo. Feb. 22,

4

2016) ("Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties."); *Sallie v. Spanish Basketball Fed'n*, No. 12-cv-01095-REB-KMT, 2013 WL 5253028, at *2 (D. Colo. Sept. 17, 2013) ("Courts have recognized that a stay is warranted while the issue of jurisdiction is being resolved."); *see also Morrill v. Stefani*, No. 17-cv-00123-WJM-KMT, 2017 WL 1134767, at *2 (D. Colo. Mar. 13, 2017) (finding the plaintiff's interest in proceeding expeditiously with the case to be overcome by the potential burden to the defendants "if they were forced to proceed with discovery only to have the case dismissed for lack of jurisdiction").

Looking to the remaining *String Cheese Incident* factors, the third "court convenience" factor also weighs in favor of stay. Indeed, it is certainly more convenient for the court to enter a stay until it is clear which of Plaintiff's claims, if any, will move forward. The fourth factor bears no weight, as there are no non-parties with significant, particularized interests in this case. As to the fifth factor, the general public's primary interest in this case is an efficient and just resolution. Avoiding wasteful efforts by the court and the litigants serves that purpose.

Therefore, considering the *String Cheese* factors together, a stay of discovery is appropriate.

Accordingly, it is

**ORDERED** that the "Joint Motion for Temporary Stay of Proceedings Pending Rulings on Defendants' Motions to Dismiss" (Doc. No. 74) is **GRANTED**. The parties' February 22, 2021 deadline to file a Joint Case Management Plan is **VACATED**. Discovery in this matter is **STAYED** pending rulings on the two outstanding motions to dismiss. (Doc. Nos. 67, 72.) The parties shall file a joint status report within ten days of a final ruling on the motions to dismiss, if

any portion of the case remains, to advise whether the Scheduling Order should be amended.

This 23rd day of February, 2021.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge